IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ROBERT OVERFELT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BNSF RAILWAY COMPANY, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 15-1239-EFM-KGG |

## ORDER ON MOTION FOR PROTECTIVE ORDER

Now before the Court is the "Motion for Protective Order Regarding Non-Party Employee Personal Injury Reports" (Doc. 48) filed by Defendant BNSF Railway. Having reviewed the submissions of the parties, the motion is **GRANTED in part** and **DENIED in part**.

## BACKGROUND

Plaintiff brings the present action under the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60 for injuries he alleges to have sustained during the course of his employment with Defendant. More specifically, Plaintiff alleges that while working, he was "thrown from a gondola car to the ground sustaining injuries to his neck, back, spine, and left shoulder." (Doc. 1.) Plaintiff contends that his injuries were the result of negligent acts or omissions on the part of Defendant.

1

The discovery at issue is a notice for a deposition *duces tecum* of a corporate representative of Defendant who could testify about "complaints, warnings, injuries, and/or safety concerns related to drawbar slack since 2008" as well as Defendants awareness and investigation of related employee injuries.  (Doc. 48-1.)  Defendant initially objected that other employee injuries were irrelevant to Plaintiff's claims and disproportionate to the needs of the case.  (Doc. 48, at 2.)  Thereafter, the parties participated in an informal telephone conference with the undersigned Magistrate Judge to discuss this issue.  Thereafter, Defendant searched its injury report database and disclosed 41 responsive injury reports to Plaintiff.  (*Id.*; *see also* Docs. 48-2 and 48-3.)  Defendant brings the present motion seeking a protective order prohibiting Plaintiff's attempts to discover the "hand-written injury reports corresponding to each employee injury report that BNSF has turned over."  (Doc. 48, at 2.)  The motion, in effect, seeks to quash the discovery.

## **ANALYSIS**

Federal Rule of Civil Procedure 26(c) governs protective orders and provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending....  The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment,

2

>   oppression, or undue burden or expense, including one or
>   more of the following:
>
>   * * *
>
>   (A) forbidding the disclosure or discovery;
>
>   (B) specifying terms, including time and place, for the
>   disclosure or discovery;
>
>   * * *
>
>   (D) forbidding inquiry into certain matters, or limiting
>   the scope of disclosure or discovery to certain matters;....

Fed.R.Civ.P. 26(c)(1).

The party seeking to quash a subpoena must show "good cause" for the requested protective order. *Id.*; **Sloan v. Overton**, No. 08-2571-JAR-DJW, 2010 WL 3724873 (D.Kan. Sept. 17, 2010). To establish "good cause" within the meaning of Rule 26(c), the party must clearly define the potential injury to be caused by dissemination of the information. **Zhou v. Pittsburg State Univ.**, No. 01-2493-KHV, 2002 WL 1932538, at *2 (D.Kan. July 25, 2002).

Defendant argues that the requested information should not be produced because the requested discovery is disproportionate to the needs of the case and the injury incidents are not similar enough to the accident alleged by Plaintiff.[1]  (Doc.

---

[1] In its reply brief, Defendant states that it "is not arguing that producing [the reports] is unduly burdensome, rather, the objection is that the requested information is not relevant and not reasonably calculated to lead to the discovery of admissible evidence." (Doc. 56, at 5-6.)  Because burdensomeness and disproportionality are, in effect, the same objection, this objection has been withdrawn by Defendant.  Regardless, Defendant has failed to make any showing as to how the effort to provide the requested

3

48, at 3-4.)  Defendant also argues the temporal and geographical overbreadth of the requests.  (*Id*., at 5.)

Plaintiff responds that the Defendant's awareness of prior injuries resulting from "slack action . . . is central to [his] claims, because that awareness demonstrates that Defendant knew that such injuries can, and routinely do, occur." (Doc. 52, at 3.)  The Court agrees that the issue of Defendant's awareness of "prior" injury incidents is relevant at the discovery stage of this case.  As such, the Court orders production of any such handwritten reports for incidents that occurred from 2008 until the date of Plaintiff's alleged accident.  Incidents occurring from the date of the incident at issue until the present are irrelevant to the issue of Defendant's prior awareness (Plaintiff's stated justification for the discovery).  The production is, however, limited to those reports involving incidents in which an employee was riding a railcar.  (*See* Doc. 56, at 4.)

The Court is not persuaded by Defendant's objection as to the geographical scope of the discovery.  Defendant is a large corporation operating over much of the continental United States.  Similar incidents or injuries caused by "slack action" on one of Defendant's locomotives are not made irrelevant to Plaintiff's claims by the mere fact that they occurred in another state or region of the country.

---

reports would be disproportionately burdensome.

4

Finally, Defendant argues that the information should not be produced because the handwritten reports "contain personnel and medical information of BNSF employees not party to this claim." (*Id.*)  It is well-established in this District that private or confidential documents are not necessarily shielded from discovery because "privileged" and "confidential" are two distinct concepts.  *See* ***Kendall State Bank v. West Point Underwriters, LLC***, No. 10–2319–JTM–KGG, 2013 WL 593957, at *2 (D.Kan. Feb.15, 2013) (citing ***McCloud v. Board of Geary County Comm'rs***, No.2008 WL 1743444, at *4 (D. Kan. April 11, 2008) (holding that even assuming certain records are "'private' or confidential, this does not mean the records are privileged and/ or nondiscoverable")).  Defendant's concerns should be addressed through the use of a "confidential" designation as provided by the protective order currently in effect in this case.  (Doc. 54.)

**IT IS THEREFORE ORDERED** that Defendant's Motion for Protective Order (Doc. 48) is **GRANTED in part** and **DENIED in part**.  Defendant is hereby instructed to produce the hand-written injury reports corresponding to the injury reports previously produced from 2008 until the date of the incident alleged herein reports involving incidents in which an employee was riding a railcar.  Defendant shall produce the reports within **thirty (30) days** of the date of this Order.

**IT IS SO ORDERED.**

Dated this 23rd day of June, 2016, at Wichita, Kansas.

                                      S/ KENNETH G. GALE
                                      HON. KENNETH G. GALE
                                      U.S. MAGISTRATE JUDGE